UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 5:11-cr-75-JMH-1 |
| v. | ) | |
| | ) | |
| MARK NOEL POWELL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Defendant Mark Noel Powell's ("Powell") "Motion for Earned Good Time Credit Pursuant to the First Step Act." [DE 45]. Powell specifically requests this Court enter an order "allow[ing] h[im] to have ... credit applied to [his] sentence at this time." [Id.]. For the reasons set forth below, Defendant Powell's Motion is hereby **DENIED**.

## I. PROCEDURAL HISTORY

On September 8, 2011, Powell pleaded guilty to two counts of manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). [DE 24]. As a result, this Court sentenced Powell to eighty-four months on each count to run concurrent to one another as well as three years supervised released. [DE 24]. On June 1, 2018, upon finding that Powell violated two conditions of his supervised release, this Court entered a judgment revoking

Powell's supervised release. [DE 39]. Powell was then committed to the custody of the Bureau of Prisons ("BOP") to be imprisoned for a total term of twenty-four months. [Id.]. Powell is currently projected for release from Gilmer FCI on January 20, 2020. *See* https://www.bop.gov/inmateloc/ (last visited on April 4, 2019). Powell asserts that he is scheduled for release to enter a "half way house" in September of 2019. [DE 45].

Pursuant to the First Step Act of 2018, Powell requests the Court credit him with "good time earned which equals 7 extra days for each year served of your sentence coming to a total of 42 days give or take a few." [DE 45]. Powell also notes that the First Step Act is "retroactive." [Id.]. As a result, Powell requests the Court that such credit be "applied to [his] sentence at this time[.]"

## II. ANALYSIS

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the Act") was signed into law on December 21, 2018. The Act implements certain reforms to the criminal justice system. For instance, the Act amended 18 U.S.C. § 3624(b)(1) to change the manner in which such credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. According to Powell, the changes made by the First Step Act would result in credit to him of forty-two days of good conduct time per

2

year. [DE 45]. As such, he requests this Court calculate and credit him good time earned accordingly. [Id.].

Powell's motion must be denied. A post-conviction motion attacking either the execution of a sentence or confinement that is not the result of a trial court's judgment must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated or in a regional BOP office. *See* 28 U.S.C. §§ 2241, 2255. Thus, even if Powell had alleged that the BOP failed to accurately calculate or credit him for good time served – which he did not – this Court would have no choice but to construe such a motion as an attack on the execution of his sentence by the BOP, not a challenge to the sentence itself. Powell may only seek such relief through a § 2241 habeas petition, and he may only file such petition in the federal court located in the district in which he is incarcerated, or where a regional BOP office is located. As such, this Court therefore lacks jurisdiction to provide the requested relief.

Next, Powell's motion requests this Court to calculate and award him credit for good time served. [DE 45]. However, that authority rests with the BOP. When sentencing criminal defendants, federal district courts do not determine the appropriate credit for time spent in official detention. *United States v. Wilson,* 503 U.S. 329, 333 (1992). Instead, this responsibility lies with

the Attorney General, who has delegated the authority to the BOP. *See* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons ... charged with or convicted of offenses against the United States...."). The express language of 18 U.S.C. § 3624, makes clear that it is the BOP, not the district court, that determines whether a federal prisoner should receive good time credit. *See Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."). As a result, this Court cannot grant the relief Powell seeks.

However, if a prisoner feels the BOP has unfairly denied credit toward the sentence imposed, the prisoner may pursue administrative review of the computation of the credit. *See Wilson,* 503 U.S. at 335, 112 S.Ct. 1351 (citing 28 C.F.R. §§ 542.10-542.16). Even if Powell had such a grievance and had properly filed a habeas petition in a district court with proper jurisdiction, he utterly failed to allege, let alone establish, that he exhausted his administrative remedies available within the BOP prior to such filing. [DE 45]. Before a prisoner may seek habeas relief under

4

Section 2241, he must first exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). The purpose of the exhaustion requirement is to ensure that the agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy, and also to ensure that a court reviewing the agency's final action does so upon a developed and complete evidentiary record. *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). Without a full administrative record explaining the BOP's action or inaction and the reasons for that action or inaction, any reviewing Court lacks an adequate evidentiary basis upon which to review such complaints. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). As noted above, Powel did not file a § 2241 petition, nor does he assert he filed any grievance, complaint, or appeal with the BOP. On this record, the Court cannot find Powell pursued, much less exhausted, his administrative remedies prior to filing this motion. [DE 45]. As such, his motion must be denied.

Finally, Powell's motion must be denied because it is without any substantive merit. Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit

5

federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010).[1]  As discussed above, the First Step Act increased the maximum allowable good time from 47 to 54 days. However, this provision has not yet taken effect: Section 102(b)(2) of the Act provides that the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act.  Section 101(a) does not require completion of the system until 210 days after the Act's enactment.  Thus, Section 102(b)(1) will not take effect until approximately July 2019. Moreover, Powell only suggests that that he will be entitled to forty-two days of credit, which is within the current 47 day maximum.  As such, Powell's motion is without merit.

Accordingly, **IT IS ORDERED** that Defendant's "Motion for Earned Good Time Credit Pursuant to the First Step Act" [DE 45] is **DENIED**.

---

[1] Powell also asserts that the First Step Act is retroactive. We note that while the First Step Act does make a number of reforms, Section 404 is the only provision that applies retroactively to defendants who have already been sentenced. Section 404 permits the district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. L. 111-220; 124 Stat. 2372. *See* First Step Act, § 404(a). That provision only amended the statutory sentencing ranges for crack cocaine offenses. *Id*. Powell was convicted of an offense involving methamphetamine. [DE 24].  As such, the reduction of sentence provision of the First Step Act does not apply to Powell.

This, the 8th day of April, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge